**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR-23-01293-PHX-GMS |
| Plaintiff, | **PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| (1) Alexis Daneen Curry; and (2) Thvoughn Lynden Curry, | |
| Defendants. | |

As a result of Defendants' convictions as to Counts 1, 6, 8, 10, 16-17, 20, and 22-26 of the Superseding Indictment—charging the Defendants with violations of 18 U.S.C. § 1349, 18 U.S.C. § 1347, and 18 U.S.C. § 1957—the Court has determined that **$12,360,053.46** in payments made to 1 Family Clinic, LLC ("1FC") from the Arizona Health Care Cost Containment System ("AHCCCS") in connection with reimbursement for fraudulent fee-for-service claims submitted by Defendants between February 2021 and April 2023 are subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).  Defendants shall forfeit the Subject Properties:

(a) The real property located at 44618 North Sonoran Arroyo Lane, New River, Arizona 85251, titled to CURRY'S ENTERPRISE, LLC;

(b) **$19,941.61**, representing proceeds of the sale of real property located at 3030 North Sericin, Mesa, Arizona 85215, titled to CURRY'S ENTERPRISE, LLC;

(c) **$6,082.03**, representing proceeds of the sale of real property located at 2519 East Menlo Street, Mesa, Arizona 85213, titled to CURRY'S ENTERPRISE, LLC; and

(d) **$93,127.69**, representing proceeds from the sale of 630 N. Windsor, Mesa Arizona, seized from Desert Financial Credit Union account number 1400958895-0400 held in the name of D.A.T. Auto Group, LLC.

(e) Additionally, the Court enters a money judgment in the amount of **$12,000,000.00** against the Defendants, representing the remaining payments from AHCCCS to 1FC in connection with Defendants' conspiracy to commit healthcare fraud from July 2020 to December 2023.

The Government has established the requisite nexus between the Subject Properties and the offenses of which the Defendants have been convicted:

(a) The real property located at 44618 North Sonoran Arroyo Lane, New River, Arizona 85251, was purchased in August 2021 by Curry's Enterprise LLC, of which Defendant Thvoughn Curry was the sole statutory agent and organizer, and both Defendant Thvoughn Curry and Defendant Alexis Curry were managers.  A total of $320,311.60 in funds were deposited by 1FC to help finance the purchase of the real property.

    i.    $310,311.60 of the funds were wired from a Bank of America account ending in x7401 (the "BofA x7401 account"), which was under the name "1 FAMILY CLINIC LLC."  Both Defendants were signers on the account's signature card.

    ii.    $10,000.00 of the funds were from a check from a Bank of America account ending in x8136 (the "BofA x8136 account"), which was under the name "1 FAMILY CLINIC LLC."  Both Defendants were signers on the account's signature card.

    iii.    As proven by the Government at trial, Defendants received payments from AHCCCS for reimbursements submitted as a part of their conspiracy to commit healthcare fraud (Count 1).  AHCCCS deposited these funds into the BofA x7401 account.  Over 95% of incoming transfers in the BofA x7401 account originated from AHCCCS payments.  Defendants also primarily funded their BofA x8136 account via transfers from their BofA x7401 account.

(b) The real property located at 3030 North Sericin, Mesa, Arizona 85215, was purchased in September 2021 by Curry's Enterprise LLC.  A total of $216,879.68 in funds were wired from the BofA x7401 account to help finance the purchase of the real property.

(c) The real property located at 2519 East Menlo Street, Mesa, Arizona 85213, was purchased in November 2021 by Curry's Enterprise LLC.  A total of $300,629.06 in funds were wired from a Bank of America account ending in x8149 (the "BofA x8149 account"), which was under the name "1 FAMILY

- 2 -

CLINIC LLC." Both Defendants were signers on the account's signature card. Defendants also primarily funded their BofA x8149 account via transfers from their BofA x7401 account.

(d) The real property at 630 N. Windsor, Mesa, Arizona, was purchased in March 2022 by D.A.T. Auto Group LLC, of which Defendant Thvoughn Curry is the sole statutory agent, member, manager, and organizer. D.A.T. Auto Group LLC used a cashier's check of $303,912.60, consisting of money laundered in violation of Count 17 of the Superseding Indictment, to help finance the purchase of the real property.

Upon entry of this Order the United States is authorized to seize the Subject Properties and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3). Upon entry of this Order, the United States Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. Any person other than the above-named Defendants asserting a legal interest in the Subject Properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of any alleged interest in the Subject Properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendants at the Defendants' sentencing and shall be included in the sentence and judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third-party asserting any interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Properties, and any additional facts supporting the petitioner's claim and the relief sought and serve a copy upon LINDSAY SHORT and JENNIFER CORBET, Assistant United States Attorneys. After the disposition of any motion filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the

Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third-party petitions.

If any of the forfeitable property, as a result of any act or omission of the Defendants, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third-party; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the United States may seek forfeiture of any other property of said Defendants up to the value of the above-described forfeitable property, pursuant to 28 U.S.C. § 853(p).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 14th day of April, 2026.

_G. Murray Snow_
G. Murray Snow
Senior United States District Judge